IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDMOND N. GAUDELLI,  :
         Petitioner,  :
        v.  : Case No. 2:95-cr-67-MBC-KAP-2
UNITED STATES OF AMERICA,  :
         Respondent,  :

### Report and Recommendation

#### Recommendation

Petitioner has filed a petition for a writ of coram nobis, a writ authorized under 28 U.S.C.§ 1651. Because the conviction of an innocent person is so abhorrent to our criminal justice system, the writ of coram nobis permits a court to correct fundamental errors in a criminal prosecution, despite a petitioner's prior lack of success on direct appeal and in collateral attacks on a conviction, and even after the sentence under attack has been served. At the same time, the finality of judgments necessary to the operation of any justice system requires that some limit be placed on repetitive attacks on a criminal conviction. Because petitioner's petition is a repetitive attack which does not show that the judgment in his criminal case was fundamentally flawed, I recommend that petitioner's petition be denied.

#### Report

Petitioner Gaudelli was indicted in 1995 for his role in a scheme involving, inter alia, the payment of illegal kickbacks by Gaudelli to his co-defendant Joseph Moses, formerly the head of the Allegheny County Maintenance Department. Gaudelli was

convicted by a jury in 1996, and on August 28, 1996, the trial judge, Honorable D. Brooks Smith (now on the Court of Appeals for the Third Circuit), sentenced petitioner to an aggregate 36 months imprisonment on Count I, conspiracy to defraud the federal government, 18 U.S.C.§ 371, and Count III, making false statements to a grand jury, 18 U.S.C.§ 1623.  docket no. 116 (Judgment and Commitment Order).

Gaudelli's conviction and sentence were affirmed on appeal without a published opinion, United States v. Gaudelli, 142 F.3d 429 (3d Cir.1998), docket no. 163.  While his direct appeal was pending, Gaudelli filed a motion for a writ of coram nobis with Judge Smith, docket no. 158, which Judge Smith denied, docket no. 159.

Shortly before surrendering for service of his sentence, Gaudelli filed a pro se complaint for declaratory judgment under 28 U.S.C.§§ 2201-02, seeking a declaration that his criminal prosecution in federal court was unconstitutional because of alleged defects in the grand jury system.  On my recommendation, Judge Smith dismissed that complaint for lack of subject matter jurisdiction; the Court of Appeals for the Third Circuit affirmed. Gaudelli v. Thiemann, 96-1789 (W.D.Pa. November 21, 1996), aff'd w/o opinion, No. 97-3004 (3d Cir. August 7, 1997).  Gaudelli also filed a complaint under the Federal Tort Claims Act in 1998, seeking damages on the grounds that Milton Eisner, an accountant

2

who testified against Gaudelli, had committed perjury and submitted forged documents and the United States was liable for negligently failing to discover this. Judge Smith dismissed the complaint for lack of jurisdiction and the Court of Appeals affirmed on December 6, 1999. Gaudelli v. United States, Case No. 2:98-cv-1185-DBS (W.D. Pa. May 6, 1999), aff'd w/o published opinion, 205 F.3d 1328 (3d Cir.1999).

In 1999, petitioner filed a pro se motion to vacate, 28 U.S.C.§ 2255. docket no. 165. On my recommendation, docket no. 174, Judge Smith denied the motion on April 5, 2000, docket no. 176. The Court of Appeals denied a certificate of appealability on May 10, 2001. docket no. 180, United States v. Gaudelli, No. 00-3429 (3d Cir. May 10, 2001).

Meanwhile, in March 2000, Gaudelli filed a civil complaint against Milton Eisner, Gaudelli v. Eisner, Case No. 2:00-cv-437-RJC (W.D. Pa). Although I have no recollection of it, apparently I was named as a defendant as well, as was Judge Smith and all the judges of the Court of Appeals for the Third Circuit, and as were members of the United States Attorneys Office. Honorable Robert J. Cindrich, then of this court, dismissed the complaint on March 30, 2001. The Court of Appeals affirmed, and the Supreme Court denied a writ of certiorari. Gaudelli v. Eisner, 265 F.3d 1055 (3d Cir. 2001), cert. denied, 534 U.S. 1082 (2002).

In December 2001, Gaudelli filed a motion under Rule 60(b)(6) to vacate the judgment denying his Section 2255 motion. docket no. 184. On my recommendation, docket no. 187, Judge Smith transferred the motion on March 22, 2002 to the Court of Appeals for the Third Circuit for consideration as an application for leave to file a second Section 2255 motion. docket no. 190. The Court of Appeals denied the petitioner leave to proceed on May 23, 2002. docket no. 191. United States v. Gaudelli, No. 02-1846 (3d Cir. May 23, 2002.)

Almost eight years later, Gaudelli filed this petition. Gaudelli alleges the necessary jurisdictional requisites for a writ of coram nobis: he has fully served his criminal sentence and he suffers continuing civil consequences. That being said, even a cursory comparison of the petition with the previous collateral attacks on petitioner's conviction shows that this petition presents no new evidence that has not already been considered and rejected by this court. Some of the exhibits (the grand jury and trial testimony of Milton Eisner) were available to petitioner on direct appeal, and petitioner has advanced his theory that Eisner forged documents and committed perjury at trial in several previous efforts.

The post-trial exhibits which petitioner contends are evidence of his innocence are of two types. First, Gaudelli offers the opinions of handwriting experts from 1997, that is, after the

4

trial but before the motion to vacate, that various exhibits purporting to be the letterhead of E. Gaudelli & Co., Inc. or the signature of Mr. Gaudelli himself were not genuine. I discussed why the handwriting analysis failed to invalidate petitioner's conviction in my Report and Recommendation on the original motion to vacate. Second, Gaudelli offers the fact that in August 2001, Milton Eisner was suspended from practice by the Commonwealth of Pennsylvania, Bureau of Professional and Occupational Affairs. Gaudelli presented that fact in his Rule 60(b)(6) and I discussed why it was inadequate to prove petitioner's innocence in my Report and Recommendation recommending transfer to the Court of Appeals.

In habeas corpus petitions, the abuse of the writ doctrine prescribes that claims that were or which could have been presented in an earlier petition should not be addressed unless the second petition demonstrates legal cause for the failure to present the claims in the first petition or that a miscarriage of justice will result. See McCleskey v. Zant, 499 U.S. 467, 494-95 (1991); Goldblum v. Klem, 510 F.3d 204, 215 (3d Cir.2007). Because of the rarity of precedent dealing with writs of coram nobis, it is not certain that the abuse of the writ doctrine bars this petition. Because of the importance of maintaining some avenue to prove innocence in appropriate cases, I would not hold a petition for a writ of coram nobis barred as a matter of law by the filing of a previous petition. But because the standards for coram nobis

relief are even more stringent than in a motion to vacate, <u>United States v. Stoneman</u>, 870 F.2d 102, 106 (3d Cir.), <u>cert. denied</u>, 493 U.S. 891 (1989), and because a petitioner must additionally show sound reasons why relief was not sought at an earlier stage of the proceeding, <u>id.</u>, a petitioner for a writ of <u>coram nobis</u> is barred from repeating the same claims which were in fact raised in a previous motion to vacate or a previous petition for a writ of habeas corpus.

Here, petitioner offers no new **claim**, much less the sort of previously unavailable and compelling **evidence** of innocence required in seeking a writ of habeas corpus or a writ of <u>coram nobis</u>, <u>compare</u> <u>Hubbard v. Pinchak</u>, 378 F.3d 333, 339-40 (3d Cir. 2004)(defendant's sworn denial of guilt was not adequate exculpatory evidence as required by <u>Schlup v. Delo</u>, 513 U.S. 298 (1995) because it was available at trial and therefore not new), <u>cert. denied</u>, 543 U.S. 1070 (2005), <u>with</u> <u>United States v. Baird</u>, 312 Fed.Appx. 449 (3d Cir.2008)(<u>coram nobis</u> denied despite claim that prosecution witness's testimony was scientific impossibility). Because petitioner must do that to obtain review of a conviction which he has already had examined both on direct appeal and in collateral proceedings, his petition must be denied.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: _1 March 2010_

_____
Keith A. Pesto
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to

    Edmond N. Gaudelli
    2447 Hayson Avenue
    Pittsburgh, PA 15220